C. Andrew Wariner, Esq.
Nevada Bar No. 003228
823 Las Vegas Blvd., South, Suite 500
Las Vegas, NV 89101
Telephone: (702) 953-0404
Facsimile: (702) 989-5388
E-Mail: awariner@lvbklaw.com
Attorney for Debtor, *John Dellavalle*

E-FILED: 11/05/2010

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re: | Case No. 10-12834-lbr |
|---|---|
| JOHN DELLAVALLE, dba LARRY PONDEROSA, LLC, aka JACK DELLAVALLE, aka JACK DELLADALLE, | Chapter 11 |
| | Hearing date:<br>Time: |
| Debtor. | |

**PLAN OF REORGANIZATION OF JOHN DELLAVALLE**

**ARTICLE I - SUMMARY**

This Plan of Reorganization (the "Plan") under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") proposes to pay creditors of John Dellavalle, (the "Debtor") from the reorganization of his residential property and secured debt.

This Plan provides for three (3) classes of secured claims; and three (3) classes of unsecured claims. Unsecured creditors holding allowed claims will receive distributions, which the Debtor has valued at approximately ten percent (10%) of each creditor's allowed claim. This Plan also provides for the payment of administrative and priority claims in full on the effective date of this Plan, or as agreed by the holder of such administrative or priority claim.

All creditors should refer to Articles II through IV of this Plan for information regarding the precise treatment of their claims. A Disclosure Statement (the "Disclosure Statement") that provides more detailed information regarding this Plan and the rights of creditors will be circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

**ARTICLE II- CLASSIFICATION AND TREATMENT OF CLAIMS**

This is the Chapter 11 plan of reorganization of the Debtor. All claims against the Debtor are placed in Classes as designated by Classes 1 through 6.

In accordance with section 1123(a)(1) of the Bankruptcy Code, the Debtor has not classified Administrative Claims and Priority Tax Claims.

The categories of Claims listed below classify Claims for all purposes, including, without limitation, voting, confirmation and distribution pursuant to this Plan and sections 1122 and 1123(a)(1) of the Bankruptcy Code. The Plan deems a Claim to be classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a different Class to the extent that any remainder of such Claim qualifies within the description of such different Class. A Claim is in a particular Class only to the extent that any such Claim is allowed in that Class and has not been paid or otherwise settled prior to the effective date of the Plan as determined in paragraph 6.02 below.

**Classification of Claims**

    2.01    Class 1 —Secured Claims on Real Property

        (a)    *Classification*: Class 1 consists of the Secured Claims against the Debtor, which are each secured by a lien against the Debtor's residential property.

        (b)    *Treatment*: Each holder of an allowed Class 1 Secured Claim shall be impaired and paid the value established by the Motions to Value in accordance with the remaining terms of its related note and mortgage except that the interest rate shall be 4.75%.

        (c)    *Valuation*: Each Class 1 Secured Claim may be revalued on the effective date of this Plan, pursuant to sections 1123 and 506 of the Bankruptcy Code, in accordance with the appraised value of such properties as set forth on Exhibit 1 of the Plan. The confirmation order approving the plan shall set forth the values of each secured creditors first lien claim as of the effective date of the Plan.

        (d)    *Unsecured Portion of the Claim*: Any amount of a Class 1 claim that is deemed to be unsecured in accordance with sections 1(b)(c) above shall be afforded the treatment set forth in Class 2 below.

        (e)    *Voting*: Class 1 is an impaired class. Therefore, the holders of Class 1 claims are entitled to vote to accept or reject the Plan.

    2.02    Class 2— Unsecured Portion of the Claims of the Debtor's First Lien Holders

        (a)    *Classification*: Class 2 consists of the unsecured portion of the Claims of the Debtor's First Lien Holders.

        (b)    *Treatment*: Holders of allowed Unsecured Claims of the Debtor's First Lien Holders shall receive, in full and final satisfaction of such allowed Class 2 claims, their pro rata share of the Debtor's monthly plan payments, which the Debtor estimates to be ten percent (10%) of such creditor's claim.

        (c)    *Voting*: Class 2 is Impaired, and holders of Class 2 claims are entitled to vote to accept or reject the Plan.

\\

2.03  Class 3 — Unsecured Claims of the Debtor's Wholly Unsecured Second Lenders

(a) *Classification*: Class 3 consists of unsecured claims of the Debtor's Wholly Unsecured Second Lenders.
(b) *Treatment*: Holders of allowed Unsecured Claims of the Debtor's Wholly Unsecured Second Lenders shall receive, in full and final satisfaction of such allowed Class 3 claims, their pro rata share of the Debtor's monthly plan payments, which the Debtor estimates to be ten percent (10%) of such creditor's claim.
(c) *Voting*: Class 3 is impaired and holders of Class 3 claims are entitled to vote to accept or reject the Plan.

2.04  Class 4 — Priority Claims

(a) *Classification*: Class 4 consists of the Priority Claims against the Debtor.
(b) *Treatment*: The legal, equitable and contractual rights of the holders of allowed Class 4 Claims are unaltered. Except to the extent that a holder of an allowed Class 1 claim has been paid by the Debtor prior to the effective date of this Plan or otherwise agrees to different treatment, each holder of an allowed Class 4 Claim shall receive, in full and final satisfaction of such allowed Class 4 claim, payment in full in cash on or as soon as reasonably practicable after (I) the effective date of the Plan, (ii) the date such allowed Class 4 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.
(c) *Voting*: Class 4 is an unimpaired Class, and is deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holders of Class 4 claims are not entitled to vote to accept or reject the Plan.

2.05  Class 5 — Convenience Claims

(a) *Classification*: Class 5 consists of Convenience Claims against the Debtor in accordance with section 1122(b) of the Bankruptcy Code.
(b) *Treatment*: The legal, equitable and contractual rights of the holders of allowed Class 5 claims are unaltered. Except to the extent that a holder of an allowed Class 5 claim has been paid by the Debtor prior to the effective date of this Plan or otherwise agrees to different treatment, each holder of an allowed Class 5 claim shall receive, in full and final satisfaction of such allowed Class 5 claim, payment in full in cash on or as soon as reasonably practicable after (I) the effective date of the Plan, (ii) the date such allowed Class 5 claim becomes allowed or (iii) such other date as may be ordered by the Bankruptcy Court.
(c) *Voting*: Class 5 is an unimpaired class, and the holders of Class 5 claims are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Therefore, the holders of Class 5 claims are not entitled to vote to accept or reject the Plan.

    2.06    Class 6- General Unsecured Claims

        (a)    *Classification*: Class 6 consists of General Unsecured Claims against the Debtor.

        (b)    *Treatment*: Holders of allowed General Unsecured Claims shall receive, in full and final satisfaction of such allowed Class 6 claims, their pro rata share of the Debtor's monthly plan payments, which the Debtor estimates to be ten percent (10%) of such creditor's claim.

        (c)    *Voting*: Class 6 is an impaired Class, and holders of Class 6 claims are entitled to vote to accept or reject the Plan.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS.
## U.S. TRUSTEES FEES AND PRIORITY TAX CLAIMS

3.01    <u>Unclassified Claims</u>. In accordance with section 1123(a)(1) of the Bankruptcy Code, administrative expense claims, and priority tax claims are not in classes.

3.02    <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under Section 503 of the Bankruptcy Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid regular installment payments in cash over a period ending not later than 5 years after the date of the Order for Relief of a total value equal to the allowed amount of such claim as of the effective date of this Plan.

3.04    <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. § 1930 will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

4.01    <u>Assumed Executory Contracts and Unexpired Leases</u>.

(a) The Debtor shall assume, on the effective date of this Plan, the executory contracts and unexpired leases listed on **the Disclosure Statement Exhibit F** attached hereto. Listed on **Exhibit F** is also the Debtor's estimated cure amount, if any, necessary to assume such contract in accordance with Section 365 of the Bankruptcy Code.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 4.01(a) above. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

(c) The confirmation order shall constitute an order of the Bankruptcy Court approving such assumptions pursuant to sections 365 and 1123 of the Bankruptcy Code as of the effective date of this Plan. The Debtor reserves the right to amend **Exhibit F** at any time before the effective date.

(d) Any objection by a party to an executory contract or unexpired lease to the Debtor's proposed assumption or any related cure amount set forth on **Exhibit F** must be filed, served and actually received by the Debtor at least five (5) days prior to the confirmation hearing of this Plan. Any party to an executory contract or unexpired lease that fails to object timely to the proposed cure amount will be deemed to have consented to such assignment of its executory contract or unexpired lease. The confirmation order shall constitute an order of the Bankruptcy Court approving any proposed assignments of executory contracts or unexpired leases pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date.

(e) In the event of a dispute regarding (I) the amount of any cure payment, (ii) the ability of the Debtor to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the executory contract or unexpired lease to be assigned or (iii) any other matter pertaining to assignment, the applicable cure payments required by section 365(b)(1) of the Bankruptcy Code shall be made following the entry of a final order or orders resolving the dispute and approving the assumption. If an objection to a cure amount is sustained by the Bankruptcy Court, the Debtor in the sole option, may elect to reject such executory contract or unexpired lease in lieu of assuming and assigning it.

## ARTICLE V - MEANS FOR IMPLEMENTATION OF THE PLAN

5.01   <u>Source of Payments</u>. Payments and distributions under the Plan will be funded by the Debtor, based upon his rental and personal income. The Liquidation Analysis attached to the Disclosure Statement as Exhibit D, outlines the Debtor's sources and uses of income. The Debtor's monthly Plan payment shall be One Thousand Six Hundred Twenty-One Dollars and Zero Cents ($1,621.00).

5.02   <u>Method of Plan Payments</u>

(a) On or about the effective date of the Plan, the Debtor shall, except as otherwise provided in the Plan, begin as soon as practical, making pro rata payments to the unsecured creditors holding allowed claims, until such claims are paid as set forth in the Plan.

(b) Except as otherwise provided in the Plan, or upon the entry of a final, non-appealable order of the Bankruptcy Court, or as agreed to by the relevant parties, distributions under the Plan on account of a disputed claim that becomes an allowed claim after the effective date of the Plan shall be begin on the regular monthly payment date, at least thirty (30) days after such claim becomes an allowed claim.

(c) Notwithstanding anything in the Plan to the contrary, and except as otherwise agreed to by the relevant parties, no partial payments and no partial distributions shall be made with respect to a disputed claim until all such disputes in connection with such disputed claim have been resolved by settlement among the parties or a final order of the Bankruptcy Court. In the event that these are disputed claims requiring adjudication and resolution, the Debtor shall establish appropriate reserves for potential payment of such Claims.

5.03   Post-confirmation Management. The Debtor will manage the properties post-petition in the ordinary course. They will be authorized to enter into, terminate and renew lease agreements as they sees fit. Such activities will include retaining management companies to aid in the renting of their property, drafting and serving eviction notices, negotiating loan modifications or refinancing his properties, repairing the properties. and maintaining reserves if needed.

# ARTICLE VI
# GENERAL PROVISIONS

6.01   Definitions and Rules of Construction. The definitions and rules of construction set forth in Sections 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan.

6.02   Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the confirmation order. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

6.03   Modification of Plan.

The Debtor may modify the Plan at any time before confirmation of the Plan. The Court, however, may require a new Disclosure Statement and/or re-voting on the Plan. The Debtor may also seek to modify the Plan at any time after confirmation only if (A) the Plan has not been substantially consummated and (B) the Court authorizes the proposed modifications after notice and a hearing.

Upon request of the Debtor, the Plan may be modified at any time after confirmation of the Plan, but before the completion of payments under the Plan, to (1) increase or reduce the amount of payments under the Plan on claims of a particular class, (2) extend or reduce the time period for such payments, or (3) alter the amount of distribution to a creditor whose claim is provided for by the Plan to the extent necessary to take on accounting of any payment of a claim made other than under the Plan.

Creditors and The Office of the United States Trustee may also seek to modify the Plan at any time.

Effective as of the date hereof and subject to the limitations and rights contained in the Chapter 11 Plan: (a) the Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify the Plan prior to the entry of the confirmation order; and (b) after the entry of the confirmation order, the Debtor may, upon order of the Bankruptcy Court, amend or modify the Plan, in accordance with section 1127(b) of the Bankruptcy Code or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan; provided, however, that any modification to the Plan shall not affect the rights or treatment of holders of unsecured claims.

6.04    Final Decree. Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of bankruptcy Procedure, the Debtor , or such other party as the Court shall designate in the Plan confirmation order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

6.05    Vesting of Assets in the Reorganized Debtor. After confirmation of the Plan, all property of the Debtor shall vest in the reorganized Debtor free and clear of all liens, claims, charges or other encumbrances, except those enumerated in the order approving the Motion to Value and the confirmation order. The reorganized Debtor may operate their business and may use, acquire or dispose of property and compromise or settle any claims without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than those restrictions expressly imposed by the Plan and the confirmation order. Without limiting the foregoing, the Debtor shall pay the charges that he incurs after confirmation for professionals' fees, disbursements, expenses or related support services (including reasonable fees relating to the preparation of professional fee applications) without application to the Bankruptcy Court.

6.06    Release of Liens, Claims and Equity Interests. Except as otherwise provided herein or in any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, upon confirmation, all liens, claims, mortgages, deeds of trust, or other security interests against the property of the Debtor's estate shall be fully released and discharged. The security interests of the Debtor's first lien holders however, shall be retained and unimpaired under the Plan with respect to both the Debtor and the property.

6.07    Effectuating Documents; Further Transactions. The Debtor may take all actions to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

6.08    Exemption from Certain Transfer Taxes. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan shall not be subject to any stamp tax or other similar tax or governmental assessment in the United States, and the confirmation order shall direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or governmental assessment.

7

6.09 <u>Revocation of Plan</u>. The Debtor reserves the right to revoke or withdraw the Plan prior to the confirmation hearing and to file subsequent Chapter 11 plans. If the Debtor revokes or withdraws the Plan, or if confirmation does not occur, then: (1) the Plan shall be null and void in all respects; (2) any settlement or compromise embodied in the Plan, assumption or rejection of Executory Contracts or Unexpired Leases effected by the Plan and any document or agreement executed pursuant hereto shall be deemed null and void except as may be set forth in a separate order entered by the Court; and (3) nothing contained in the Plan shall: (a) constitute a waiver or release of any Claims by or against, the Debtor or any other entity; (b) prejudice in any manner the rights of the Debtor or any other entity; or (c) constitute an admission, acknowledgment, offer or undertaking of any sort by the Debtor or any other entity.

6.10 <u>Successors and Assigns</u>. The rights, benefits and obligations of any entity named or referred to herein shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

6.11 <u>Reservation of Rights</u>. Except as expressly set forth herein, the Plan shall have no force or effect until the Court enters the confirmation order. Neither the filing of the Plan, any statement or provision contained in the Disclosure Statement, nor the taking of any action by a Debtor or any other entity with respect to the Plan shall be or shall be deemed to be an admission or waiver of any rights of (1) any Debtor with respect to the holders of claims or other entity; or (2) any holder of a Claim or other entity prior to the effective date of the Plan.

6.12 <u>Further Assurances</u>. The Debtor or the reorganized Debtor, as applicable, all holders of Claims receiving distributions under the Plan and all other entities shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan or the confirmation order.

6.13 <u>Severability</u>. If, prior to confirmation of the Plan, any term or provision of the Plan is held by the Court to be invalid, void or unenforceable, the Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision then will be applicable as altered or interpreted, provided that any such alteration or interpretation must be in form and substance reasonably acceptable to the Debtor, and, to the extent such alteration or interpretation affects the rights or treatment of holders of unsecured claims, such claim holder.

6.14 <u>Return of Security Deposits</u>. Unless the Debtor agrees otherwise in a written agreement or stipulation approved by the Court, all security deposits provided by the Debtor to any person or entity at any time after the petition date shall be returned to the Debtor within twenty (20) days after the date of confirmation, without deduction or offset of any kind.

6.15 <u>Filing of Additional Documents</u>. On or before the Effective Date, the Debtor may file with the Court all agreements and other documents that may be necessary or appropriate to effectuate and Further evidence the terms and conditions hereof.

6.16 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**ARTICLE VII**
**DISCHARGE**

7.01 <u>Discharge</u>. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007 (c) of the Federal Rules of Bankruptcy Procedure.

Dated: November 4, 2010

Respectfully submitted,

/s/ John Dellavalle
John Dellavalle, Plan Proponent

/s/ C/ Andrew Wariner
C. Andrew Wariner, Attorney for Plan Proponent